## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

PHILADELPHIA INDEMNITY
INSURANCE COMPANY                                                              PLAINTIFF

V.                              CASE NO. 5:19-CV-05117

BELLA VISTA VILLAGE PROPERTY
OWNERS ASSOCIATION                                                             DEFENDANT

### MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss, Stay, or Abstain (Doc. 7) and Memorandum in Support (Doc. 8) by Defendant Bella Vista Village Property Owners Association (the "POA"). Plaintiff Philadelphia Indemnity Insurance Company ("PIIC") filed a Response in Opposition (Doc. 12), and the POA filed a Reply (Doc. 18). For the reasons discussed below, the Court hereby **GRANTS** the POA's Motion and **STAYS** the action pending the resolution of parallel litigation in state court.

### I. BACKGROUND

In summer 2018, a fire ignited at a property known as the Trafalgar Road Stump Dump, located in Bella Vista, Arkansas. The POA, which leased the site from 2004 through 2016, faces liability for the fire from three sources. First, the Arkansas Department of Environmental Quality ("ADEQ"), having found hazardous materials at the site, sought public funds to put out the fire and stabilize the area and gave notice that it would pursue the POA, among other parties, to recover those expenditures. To mitigate its potential exposure, the POA entered into an agreement with the ADEQ and hired its own contractor to perform the required services at significantly lower cost than the price quoted to the government. The POA has spent close to four million dollars extinguishing

1

the fire and stabilizing and remediating the site. Second, the POA was named as a defendant in a suit brought in Circuit Court in Benton County, *Parsons v. Bella Vista POA*, 04CV-19-263. The plaintiff brought suit against the POA and others to recover public funds spent in response to the Stump Dump fire. The case was subsequently dismissed as to the POA, but the POA expended resources mounting a defense. Finally, the POA has been named as a defendant in *Macomber v. Samuel Care Enterprises, Inc.*, 04CV-18-3332 (the "*Macomber* case"), also filed in Benton County Circuit Court. The plaintiffs in that case, residents of Benton County, are suing the POA and others for damages resulting from the Stump Dump fire and defendants' alleged dumping of hazardous waste at the site. The POA, in turn, has filed crossclaims against co-defendants who owned or operated the Stump Dump, seeking contribution for the money the POA expended in fulfilling its agreement with the ADEQ. At least one former owner of the Stump Dump site has also filed a crossclaim against the POA seeking indemnification under a lease term that required the POA to extend its insurance coverage to the owner of the leased property.

Faced with liability as a result of its settlement with the ADEQ and the state court litigation described above, the POA provided notice to its insurance company, PIIC, requesting coverage pursuant to its policies. PIIC insured the POA between 2007 and 2019, issuing fifty-five policies during that period. In June 2019, after reviewing all of the POA's policies, PIIC informed the POA that its insurance policies did not provide coverage for any of the claims described above. On June 24, 2019, the POA filed a third-party complaint against PIIC in the *Macomber* case, seeking declaratory judgment on the POA's coverage under thirty-six of its policies from PIIC, as well as damages for PIIC's

failure to provide a defense and indemnity.[1] Two days later, on June 26, PIIC filed its Complaint in this Court seeking declaratory judgment that none of the fifty-five policies it issued to the POA provide coverage for any of the claims related to the Stump Dump fire.

PIIC subsequently filed a motion to dismiss in the *Macomber* case, which the state court denied, followed by an answer and counterclaim against the POA, seeking declaratory judgment on the nineteen policies not raised by the POA in its third-party complaint before the state court. The POA, in turn, filed the instant Motion before this Court asserting that the *Macomber* case and this case are parallel litigation and urging this Court to exercise its discretion under *Brillhart/Wilton* to abstain in favor of allowing the state court to resolve the dispute. The POA also argues that this Court should also stay or dismiss these proceedings because the POA's third-party complaint against PIIC in the *Macomber* case was filed before PIIC's complaint in this Court and because PIIC is engaging in impermissible forum shopping by bringing this suit in federal court. PIIC responds that the *Macomber* case is not parallel to its federal Complaint, and the relevant factors weigh in favor of this Court issuing declaratory judgment.

## II. LEGAL STANDARD

"Generally, a federal district court must exercise its jurisdiction over a claim unless there are exceptional circumstances for not doing so." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005) (internal quotation marks omitted). Federal courts have "the virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo.*

---

[1] PIIC is referred to as "PHLY" in the *Macomber* case filings. The POA also refers to the Defendant as PHLY in its briefing before this Court. No one disputes, however, that the acronyms PIIC and PHLY both refer to Philadelphia Indemnity Insurance Company. Because the company styles itself as PIIC before this Court, that is the acronym that the Court will use.

*River Water Conservation Dist. v. United States*, 424 US 800, 817 (1976). In this context, however, the Supreme Court has expressed that the "[d]istinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone*." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Where an action seeks declaratory judgment, "obligatory jurisdiction yields to considerations of practicality and wise judicial administration." *Scottsdale*, 426 F.3d at 997.

"The full scope of a district court's discretion to grant a stay or abstain from exercising jurisdiction under the Declaratory Judgment Act differs depending upon whether a 'parallel' state court action involving questions of state law is pending." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967 (2013). Thus, the determination of whether a suit for declaratory judgment in a federal court is parallel to a state court action is a "threshold determination for identifying the extent of a district court's discretion to grant a stay." *Id.* at 968. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale*, 426 F.3d at 997 (internal quotations omitted).

Where parallel litigation is pending in state court, the district court has broad discretion to abstain. "This broad discretion is to be guided by considerations of judicial economy, by considerations of practicality and wise judicial administration, and with attention to avoiding gratuitous interference with state proceedings." *Lexington*, 721 F.3d at 967 (internal quotation marks and citations omitted). The district court should assess, among other relevant factors, "the scope of the pending state court proceeding and the

nature of defenses open there" by considering "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding." *Wilton*, 515 U.S. at 283 (summarizing and affirming the factors laid out by the Court in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)). If these factors reflect favorably on the state court proceeding, the federal court will ordinarily abstain because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495.

When a district court exercises its discretion to abstain in a declaratory judgment action because of parallel litigation, it is generally appropriate to stay, rather than dismiss, the federal action. *See Wilton*, 515 U.S. at 288 n.2 ("[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter."); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788 (8th Cir. 2008) (affirming the district court's decision to abstain under *Brillhart/Wilton* but vacating the dismissal order and remanding for the lower court to enter a stay).

### III. DISCUSSION

#### A. Parallel Litigation

As a threshold matter, the instant litigation is parallel with the Macomber case in Benton County Circuit Court. Both parties before this Court are also party to the action in state court. In the *Macomber* case, the POA seeks declaratory judgment regarding

5

coverage for the ADEQ, *Parsons*, and *Macomber* claims under policies issued by PIIC. The same matter is before this Court.

PIIC argues that the cases are not parallel because its petition for declaratory judgement in this Court invokes all fifty-five policies issued to the POA by PIIC, while the POA's third-party complaint in state court only raises thirty-six of those policies. Therefore, PIIC argues, the *Macomber* case cannot fully resolve the dispute before this Court. In support of its position, PIIC directs the Court to *Lexington*, 721 F.3d 958, in which the federal court held that the state court proceedings were not parallel because it was possible that they would be resolved without resolving the dispute before the federal court.

In *Lexington*, the Lexington Insurance Company ("Lexington") sought declaratory judgment in federal court that it did not owe Integrity Title Company ("Integrity") defense or coverage under its errors and omissions (E&O) insurance policy. *Id.* at 961. Fidelity National Finance ("Fidelity"), another title insurance company, which hoped to recover from both Lexington and Integrity, intervened. *Id.* Fidelity then argued that the federal court should abstain in favor of parallel litigation it had filed in state court. *Id.* The Eighth Circuit held that the state litigation was not parallel because even though Lexington, Integrity, and Fidelity were all parties, the court did not believe that the state court actions, "as pled and argued by *Fidelity*, would fully or satisfactorily resolve the uncertainty surrounding Lexington's duties toward *Integrity*," the matter on which declaratory judgment was sought in federal court, since Fidelity's claims could be resolved without reference to the E&O policy. *Id.* at 970 (emphasis added). Similarly, in another state court action, Fidelity named Lexington as a defendant only as a third-party beneficiary, and "the

possible state-court resolution of Fidelity's third-party beneficiary claims against Lexington could occur in several different ways, many of which would not require the state court to address Lexington's duty towards Integrity." *Id.* Concluding that the state and federal cases were not parallel, the court applied the *Scottsdale* factors rather than *Brillhart/Wilton*. *Id.* at 971. Based on its analysis of those factors, the Eighth Circuit affirmed the district court's decision to issue declaratory judgment. *Id.*

Here, in contrast, the full range of claims between the parties is squarely before the state court. In the *Macomber* case, the POA seeks declaratory judgment on thirty-six insurance policies, alongside claims for defense, indemnification, and damages. PIIC has raised the other nineteen policies as counterclaims against the POA. *See* Doc. 18, Exh. 1. Thus, all fifty-five insurance policies on which PIIC seeks declaratory judgment from this Court are also squarely before the state court in the *Macomber* case. The state court's resolution of the POA's third-party complaint will necessarily resolve all the issues before this Court, and the cases are parallel.

### B. *Brillhart/Wilton* Abstention

Because the Court concludes that this case and the *Macomber* case are parallel litigation, the *Scottsdale* factors are not relevant. *See Scottsdale*, 426 F.3d at 998 (laying out the factors guiding the narrower discretion of a district court to abstain in a declaratory judgment action where no parallel litigation is pending in state court). Instead, in deciding whether to abstain, the Court weighs the *Brillhart/Wilton* factors and other factors relevant to considerations of judicial economy, wise judicial administration, and avoiding gratuitous interference with the state court.

Considering the *Brillhart/Wilton* factors shows that the state court is in a better position to adjudicate the issues. As discussed above, PIIC has raised its claims before this Court as affirmative defenses in the *Macomber* case, and the state court will resolve all the claims pending here. Additionally, resolving the insurance dispute will be a matter of state, not federal, law. Furthermore, there are additional parties and factual issues that the state court is best situated to address. For this Court to proceed would risk uneconomical and gratuitous interference in the state case that is already ongoing.

First, there are parties with potential interest in the extent of the POA's insurance coverage under its PIIC policies who are already joined in the *Macomber* case but are not parties to this federal suit. The POA alleges that it purchased policies that extended its insurance coverage to the "lessors of premises" rented by the POA, giving the various owners who leased the Stump Dump to the POA a potential interest in a declaratory judgment action regarding the coverage provided by the insurance policies at issue. These parties, namely Tom Fredericks and Blue Mountain Storage, are already party to the *Macomber* case, and one has already asserted a crossclaim against the POA relevant to the extent of its insurance coverage from PIIC.

Additionally, making coverage determinations under the disputed policies might require this Court to make findings on issues of fact that are already before the state court in the *Macomber* case. For example, the state court (or a state-court jury) will need to determine what caused the Stump Dump fire, the role played by the various defendants, and the nature of the damages. These are also questions that may be relevant to whether the POA is entitled to coverage from PIIC. Specifically, the POA asserts that it had Directors and Officers, or D&O, policies that may provide coverage for the negligent

decision-making of past members of the board of directors. Whether such negligence occurred will necessarily be decided in the *Macomber* case. Additionally, PIIC seeks rescission of the Commercial General Liability policies on the grounds that the POA hid its interest in the Stump Dump when it answered "no" to a question regarding whether it "had any past, present, or discontinued operations involving the storing, treating, discharging, applying, disposing, or transporting of hazardous materials (e.g. landfills, wastes, fuel tanks, etc.)." (Doc. 2, ¶ 37). Whether there were hazardous materials at the Stump Dump during the period of the POA's interest and whether the POA is responsible for those materials are undoubtedly questions of fact that will be addressed by the state court. For this Court to weigh in on those matters as well would fly in the face of notions of judicial economy and risk gratuitous interference in state court proceedings. Instead, the Court will abstain and stay these proceedings pending the resolution of the *Macomber* case.

In its Motion, the POA also offers the "first-filed rule" and concerns about forum shopping as additional bases for this Court to stay or dismiss the instant federal litigation. Because the Court will abstain under *Brillhart/Wilton*, it need not reach these arguments.

### IV. CONCLUSION

Therefore, the POA's Motion to Dismiss, Stay, or Abstain (Doc. 7) is **GRANTED** and the proceedings are **STAYED** pending the resolution of *Macomber v. Samuel Care Enterprises, Inc.*, 04CV-18-3332 in the Circuit Court of Benton County. The Clerk of Court is directed to **ADMINISTRATIVELY TERMINATE** the case, and the parties may file a motion to lift the stay and reopen the case when the state court matter is resolved. Additionally, the parties are directed to file a joint report, of not more than one page,

updating the Court as to the status of the proceedings in the *Macomber* case. Such a report should be filed at the end of each calendar quarter, beginning March 31, 2020.

**IT IS SO ORDERED** on this 7th day of November, 2019.

                                                /s/ Timothy L. Brooks
                                                TIMOTHY L. BROOKS
                                                UNITED STATES DISTRICT JUDGE